1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DUPREE LAMONT ADKINS,                    Case No.  2:21-cv-00531-JDP (PC)

11                  Plaintiff,                ORDER GRANTING PLAINTIFF'S
                                              APPLICATION TO PROCEED IN FORMA
12          v.                                PAUPERIS

13   D. HURTADO,                              ECF No. 2

14                  Defendant.                SCREENING ORDER THAT PLAINTIFF:

15                                                 (1) FILE AN AMENDED
                                                   COMPLAINT; OR
16
                                                   (2) NOTIFY THE COURT THAT HE
17                                                 WISHES TO STAND BY HIS
                                                   COMPLAINT, SUBJECT TO
18                                                 DISMISSAL OF CLAIMS AND
                                                   DEFENDANTS
19
                                              ECF No. 1
20
                                              SIXTY-DAY DEADLINE
21

22          Plaintiff Dupree Lamont Adkins is a state prisoner proceeding without counsel in this civil

23   rights action brought under 42 U.S.C. § 1983.  He alleges that defendant D. Hurtado, the Chief

24   Deputy Warden at the California Medical Facility, violated his constitutional rights by denying a

25   grievance and refusing to investigate whether plaintiff was receiving less prison library time than

26   other, similarly situated white inmates.  ECF No. 1 at 4-5.  I find, for the reasons stated below,

27   that the complaint does not state a cognizable claim.  I will give plaintiff leave to amend.

28          Plaintiff has also filed an application to proceed *in forma pauperis* that makes the proper

                                              1

1   showing.  ECF No. 2.  I will grant it.

2   **Screening and Pleading Requirements**

3        A federal court must screen a prisoner's complaint that seeks relief against a governmental

4   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17  n.2 (9th Cir. 2006) (en banc) (citations omitted).

18       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

1

**Analysis**

2      Plaintiff alleges that, on September 7, 2020, he filed a grievance alleging that he was not

3  receiving any Priority Legal User ("PLU") hours in the law library.  ECF No. 1 at 5.  He claimed

4  that white inmates who were similarly situated might be receiving PLU hours.  *Id.*  Defendant

5  Hurtado denied that grievance, finding that plaintiff's PLU status had expired in August 2020.  *Id.*

6  at 17.  Hurtado stated that the senior librarian had received a law library request slip from plaintiff

7  and would schedule time for him once normal programs resumed.  *Id.*  In October of 2020—the

8  time of the grievance decision—only PLU users were being permitted in the law library,

9  presumably because of the COVID-19 pandemic.  *Id.*

10      A defendant's denial of a grievance, standing alone, does not amount to a constitutional

11  violation.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim

12  of entitlement to a grievance procedure.").  And although plaintiff alleges that Hurtado failed to

13  investigate alleged racial imbalances in PLU hours, he has provided no factual context to support

14  that claim.  The grievance Hurtado denied offers no specific allegation that other, similarly

15  situated white inmates were getting PLU hours.  It states only that some of the currently classified

16  PLU inmates "could be Caucasian and [might] not have [an] active [case]."  ECF No. 1 at 11.

17  There is no allegation that Hurtado was put on notice as to the existence of a racial imbalance in

18  PLU hours and failed to investigate it.  Finally, there is no allegation that Hurtado was

19  responsible for the expiration of plaintiff's PLU status in August.  If this action is to proceed,

20  plaintiff must allege facts that, taken as true, show that Hurtado knew of an ongoing violation and

21  did not act to prevent it.  *See Herrera v. Hall*, NO. 1:08-cv-01882-LJO-SKO PC, 2010 U.S. Dist.

22  LEXIS 70611, *13 (E.D. Cal. 2010).

23      I will give plaintiff leave to amend his complaint before recommending dismissal of this

24  action.  If plaintiff decides to file an amended complaint, the amended complaint will supersede

25  the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

26  banc).  This means that the amended complaint must be complete on its face without reference to

27  the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the

28  current complaint no longer serves any function.  Therefore, in an amended complaint, as in an

original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 21, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4