UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID HURTADO, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-00531-TLN-JDP (PC)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S MOTION TO CHANGE PLEADINGS AND DIRECTING DEFENDANTS TO FILE A RESPONSIVE PLEADING WITHIN THIRTY DAYS OF THIS ORDER; AND<br><br>(2) DIRECTING THE CLERK OF COURT TO SEPARATELY DOCKET THE SECOND AMENDED COMPLAINT CONTAINED THEREIN<br><br>ECF No. 36<br><br>THIRTY-DAY DEADLINE<br><br>SCREENING ORDER FINDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT STATES COGNIZABLE FIRST AMENDMENT ACCESS TO COURT AND EQUAL PROTECTION CLAIMS AGAINST DEFENDANTS HURTADO AND MARSHAK AND A FIRST AMENDMENT RETALIATION CLAIM AGAINST MARSHAK |

Plaintiff, a state prisoner proceeding without counsel, has moved to amend his complaint ECF No. 36. Defendants do not oppose the motion. ECF No. 37. Accordingly, the motion to change pleadings, ECF No. 36, will be granted. I find that, for screening purposes, the second

1

amended complaint attached therein states cognizable First Amendment access to court and Equal Protection claims against defendants Hurtado and Marshak.  It also states a viable First Amendment retaliation claim against Marshak.

## Screening Order

### I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

As before, plaintiff, who is non-white, alleges that defendant Marshak denied him library access and permission to make copies while extending those services to similarly situated white inmates. ECF No. 36 at 8. He alleges that defendant Hurtado, a deputy warden, knew or should have known about Marshak's discriminatory actions, but turned a blind eye to them. *Id.* at 11. Plaintiff alleges that he was denied access to the courts by defendants' actions when his inability to fully access the law library caused him to miss two court deadlines. *Id.* at 19. Finally, plaintiff alleges that Marshak's refusal to grant him access to the law library was motivated, in part, by his filing of administrative grievances. *Id.* at 20. Thus, he has stated a cognizable First Amendment retaliation claim against this defendant.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to alter pleadings, ECF No. 36, is GRANTED and the Clerk of Court is directed to separately docket the complaint and attached exhibits that are appended to that motion. The separate filing should be titled "Second Amended Complaint."

2. The Second Amended Complaint states, for screening purposes, viable First Amendment access to court and Equal Protection claims against defendants Marshak and Hurtado. It also states a viable First Amendment retaliation claim against Marshak.

3. Defendants shall have thirty days from the date of this order's entry to file a responsive pleading.

IT IS SO ORDERED.

Dated:    September 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE