UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS, | Case No. 2:21-cv-00531-DJC-JDP (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID HURTADO, *et al.*, | |
| Defendants. | |

Plaintiff alleges that while he was at California Medical Facility in 2020, defendant Marshak retaliated against him, and both defendants Hurtado and Marshak denied him access to courts and violated his equal protection rights. Plaintiff has three pending motions: a motion to compel, ECF No. 42; a motion for investigation, ECF No. 43; and a motion to amend, ECF No. 66. I will grant his motion to compel in part and deny his motion for investigation, and I will recommend that plaintiff's motion to amend be denied.

**Motion to Compel**

Plaintiff seeks to compel defendants to provide further responses to three requests for production.[1]

---

[1] Plaintiff also asks that defendants be required to pay him $11.80, which is the cost he incurred in filing his motion to compel. ECF No. 42 at 4. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), when a motion to compel is granted in part and denied in part, as it is here, "the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P.

**A. Requests for Production Numbers 4 & 7**

Plaintiff's request 4 seeks "a copy of California Medical Facility Library Attendance sign in log for the time period of 8-25-2020 to 10-13-2020," and his request 7 asks for "a copy of California Medical Facility Correctional Officers sign in log re. 'inmate patrons' for the time period of 8-25-2020 to 10-13-2020."[2]  ECF No. 49-2 at 2-3.

For request 4, defendants produced the sign-in log for the dates requested, but with inmates' CDCR numbers and housing units redacted. *Id. Id.* at 16. In response to request 7, defendants produced "the sign-in sheets for the law library at the California Medical Facility for the time period between August 25, 2020, and October 13, 2020, with the CDCR numbers and housing units of inmates redacted." *Id.* at 17. Defendants later produced supplemental responses to requests 4 and 7, consisting of a list showing "inmates' access to the law library by housing unit." *Id.* at 3-4. This list did "not identify specific inmates."[3] *Id.*

Plaintiff filed the instant motion to compel seeking unredacted copies of the two logs previously produced by defendants. ECF No. 42. Plaintiff argues that information regarding the housing units of each inmate is material to his equal protection claim because it will demonstrate that other similarly situated inmates were denied library access. *Id.* at 1-2. Defendants argue that CDCR numbers and housing units of specific inmates are confidential and releasing that information would "pose a risk to inmate safety and security." ECF No. 49 at 3. Moreover, defendants argue that plaintiff has not shown that his need for this information "outweighs the privacy and potential safety concerns." *Id.*

"It is well-established that the burden is on the objecting party to show grounds for failing

---

37(a)(5)(C). I decline to award expenses.

[2] In response to this request, defendants note that they are unsure what plaintiff means by "sign in log re: 'inmate patrons.'" In light of this uncertainty, defendants state that they produced "the sign-in sheets for the law library at the California Medical Facility for the time period between August 25, 2020, and October 13, 2020, with the CDCR numbers and housing units of inmates redacted." ECF No. 49-2 at 17. Plaintiff does not dispute defendants' interpretation of his request.

[3] Defense counsel's declaration attests that defendants' supplemental responses are attached to their motion as Exhibit F. *See* ECF No. 49-1 at 2-3. However, there is no Exhibit F attached to their motion, and so the court has been unable to view the supplemental redacted logs.

2

to provide the requested discovery," *Siegmund v. Cnty. of Orange*, No. SA CV 07-1387-CJC (PLAx), 2009 WL 10674369, at *2 (C.D. Cal. Aug. 25, 2009).  Here, defendants' generalized concerns regarding the release of confidential inmate information does not satisfy that burden. *See Sahibi v. Gonzales*, No. 1:15-CV-01581-LJO-MJS (PC), 2017 WL 1348959, at *3 (E.D. Cal. Apr. 5, 2017) (rejecting defendants' conclusory objections to providing discovery on the grounds of inmate privacy and ordering defendants to provide information on inmate housing rosters that contains inmates' housing units and "first initial, last name, and CDCR number").  Plaintiff is no longer incarcerated at California Medical Facility ("CMF"), and the logs he seeks are nearly three years old.  It is not apparent that such outdated information would pose a security threat, especially given that plaintiff is housed at a different facility.  Finally, plaintiff's interest in this information outweighs defendants' generalized privacy and safety concerns in this instance; the information is relevant to plaintiff's equal protectional claim in that it could assist him in establishing disparate treatment.  Defendants shall produce the unredacted logs to plaintiff within twenty-one days.

### B. Request for Production Number 6

Plaintiff's request 6 seeks "a copy of current inmate schedule for General Legal User 'Paging' (GLU) for the time period of 8-25-2020 to 10-13-2020." ECF No. 49-2 at 3. Defendants state that they were "unable to locate any documents responsive to this request" after a reasonable and diligent search. *Id.* at 17.  The court cannot compel production of documents not within the custody, possession, or control of a party.  The motion is denied as to this request.

### Motion for Investigation

Plaintiff contends that there was a data breach relating to his healthcare records residing in a CDCR database in December 2021 and attributes the breach to defendant Hurtado. ECF No. 43.  Plaintiff asks that the court investigate this breach.

Plaintiff's conclusory claim that defendant Hurtado is responsible for a data breach does not constitute a valid basis for the court to investigate this incident.  Further, the alleged data breach has no relation to his claims, which stem from his inability to access the prison law library in 2020.  Finally, it is plaintiff's burden, not the court's, to seek discovery and to investigate

1  potential claims.  Plaintiff's motion for the court to investigate is denied.

2  **Motion to Amend**

3  Plaintiff moves for leave to amend his complaint, ECF No. 66, and has filed a proposed
4  amended complaint, ECF No. 67.  While much of the complaint resembles plaintiff's second
5  amended complaint, he proposes adding Gena Jones, J. Shultz, and A. Chaundry as defendants.
6  According to the proposed amended complaint, Jones is the warden at California Health Care
7  Facility ("CHCF"), Shultz is the chief deputy at CHCF, and Chaundry is the senior law librarian
8  at CHCF.  ECF No. 67 at 38-39.  Plaintiff alleges that Shultz instructed him to put his privileged
9  mail in with the institutional mail for copying because he was a priority legal user.  He also
10 alleges that he was unable to work out certain unspecified "issue[s]" with Shultz, Jones, and
11 Chaundry because the Sacramento Headquarters Appeals Associate Director found—apparently
12 relating to these issues—that there was "no violation."  *Id.* at 13.

13 Plaintiff's motion to amend should be denied for several reasons.  First, the discovery and
14 scheduling order instructed the parties that any amended complaint was to be filed by September
15 16, 2022.  ECF No. 30.  Since the request to amend comes after the deadline set by the scheduling
16 order, Rule 16 of the Federal Rules of Civil Procedure—not the more permissive Rule 15—
17 controls.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)
18 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket,
19 disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16
20 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to
21 those of Rule 15.").  Under Rule 16, a party must show good cause for not moving to amend
22 within the deadline.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).
23 Plaintiff has not made that showing.

24 Plaintiff did not seek leave to amend until March 27, 2023, more than six months after the
25 deadline.  ECF No. 66.  Plaintiff has provided no reason for his delay.  *See In re W. States*
26 *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), ("[T]he focus of the [Rule
27 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was
28 not diligent, the inquiry should end.") (internal quotations omitted).  Indeed, in his motion to

4

1   amend, plaintiff attaches a letter from the office of grievance decisions dated December 21, 2022.
2   *Id.* at 7.  The letter states that plaintiff filed a grievance on November 30, 2022, relating to his
3   issues with the mailroom at CHCF.  *Id.*  While November 30, 2022, is after the deadline to
4   amend, plaintiff has not explained why he waited four additional months to file his motion to
5   amend.  *See Johnson*, 975 F.2d at 609-10 (finding no good cause for amendment when movant
6   knew of facts and theory from the beginning of the case and waited until four months after the
7   deadline to amend had passed to file their motion).

8   More fundamentally, plaintiff's new claims are not related to the existing claims and do
9   not arise out of the same transaction or occurrence or series of transitions of occurrences.
10  Plaintiff's existing complaint relates to incidents occurring in 2020 at CMF, but his proposed
11  amended complaint alleges incidents occurring two years later at a different institution.[4]  ECF No.
12  66 at 1.  Although plaintiff alleges access to courts claims in his operative complaint and may be
13  attempting to do so in his proposed amended complaint, "the mere fact that all [of plaintiff's]
14  claims arise under the same general law does not necessarily establish a common question of law
15  or fact.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  Since there are few, if any,
16  common issues of fact, the proposed amended complaint fails to meet the requirements of Federal
17  Rule of Civil Procedure 20.[5]

18  Accordingly, it is hereby ORDERED that:

19  1.  Plaintiff's motion to compel, ECF No. 42, is granted in part and denied in part as
20  follows:

21  a. the motion is granted as to Requests for Production Numbers 4 and 7;

22  b. within twenty-one days of the date of this order, defendants shall produce
23  unredacted copies of the law library log at the California Medical Facility for the time period

---

[4] Plaintiff states in his motion to amend—not in his proposed amended complaint—that these defendants "dressed [him] up with a campaign of harassment" and have "erected [a] barrier, blocking [him] from legal service[s] and escalated to rejecting [his] legal/confidential mail" at CHCF in 2022.  ECF No. 66 at 1, 8.

[5] In any event, plaintiff has not stated a claim against these defendants.  As noted above, the only allegations plaintiff states in the proposed amended complaint are that these new defendants were unable to address certain unidentified issues.

between August 25, 2020, and October 13, 2020;

        c. the motion is denied as to Request for Production Number 6 and plaintiff's request for costs under Rule 37(a)(5).

    2. Plaintiff's motion for investigation, ECF No. 43, is denied.

    Furthermore, it is hereby RECOMMENDED that plaintiff's motion to amend, ECF No. 66, be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 5, 2023                                          _____
                                                                     JEREMY D. PETERSON
                                                                     UNITED STATES MAGISTRATE JUDGE