UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS, | Case No. 2:21-cv-00531-DJC-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND GRANTING DEFENDANTS' MOTION TO COMPEL |
| DAVID HURTADO, *et al.*, | |
| Defendants. | ECF Nos. 82 & 93 |
| | **FINDINGS AND RECOMMENDATIONS** |
| | THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER BE DENIED |
| | ECF No. 83 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff brought this § 1983 case against defendants David Hurtado and E. Marshak, alleging that he was denied access to the law library when similarly situated white inmates were not. Pending are plaintiff's motion to disqualify and request for preliminary injunctive relief. ECF Nos. 82 & 83. For the reasons stated hereafter, these motions should be denied. Also pending is defendants' motion to compel seeking an order directing plaintiff to produce a law library log, which he represented was in his possession. ECF No. 93. That motion will be

1

1 granted.

## Motion to Disqualify

Plaintiff has filed a motion seeking to disqualify supervising attorney general Chad E. Stegeman. ECF No. 82 at 1. "The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). In determining whether to disqualify counsel, the court applies state law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). In weighing a motion for disqualification, a court should consider "a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145, 86 Cal. Rptr. 2d 816, 980 P.2d 371 (1999).

Here, plaintiff argues that requiring him to use a "sign-in" log provides other inmates with his housing information. ECF No. 82 at 2-3. He claims that Stegeman is aware of this danger but has failed to rescind the requirement or otherwise to act upon it. *Id.* He also alleges that Stegeman has misrepresented facts in signed filings. *Id.* at 3. The motion is denied. First, Stegeman is not listed on the official docket as a counsel of record for any defendant. Rather, he is the supervising deputy attorney general for the state of California; it is uncertain whether he may even be disqualified from this case. Additionally, plaintiff's unsupported allegations are insufficient to warrant disqualification. Plaintiff's claims regarding the danger presented by "sign-in" logs are vague, and I cannot tell how Stegeman is involved in their use. That is, I cannot tell whether Stegeman himself has ordered their implementation or, instead, if they are an element of prison policy that he has declined to intervene against. Additionally, plaintiff has not adequately described what misinformation Stegeman has submitted.

This motion is denied.

## Motion for Preliminary Injunction

Plaintiff's motion for preliminary injunctive relief also concerns the aforementioned "sign-in" logs. It asks that the court order that plaintiff be exempted from that requirement when

2

using the law library. ECF No. 83 at 7. This motion should be denied. First, despite his vague allegations that the logs allow other inmates to see his confidential information, he has not shown, with the required specificity, that he will be irreparably harmed in the absence of an injunction. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."). Additionally, the relief requested must be related to the facts and injury asserted in the underlying complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir. 2015) ("We follow the Eighth Circuit and adopt the rule of *Devose*—there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint."). Here, plaintiff alleges that he was denied access to the law library that was afforded other, similarly situated inmates of a different race. The suit is not about whether "sign-in" logs pose a danger to him or other inmates forced to use them.

This motion should be denied.

Motion to Compel

Defendants have moved to compel production of a log indicating that other inmates could access the law library when plaintiff himself could not. ECF No. 93 at 2. Plaintiff indicated that he had such a document during a meet and confer with defendants' counsel. *Id.* at 3. In his opposition to the motion, plaintiff claims his log is irrelevant, but he has nevertheless attached a document that he claims is responsive.[1] ECF No. 95 at 1, 5. In their reply, defendants argue that the document produced in the opposition is not the same log plaintiff previously represented he had during the meet and confer proceedings. ECF No. 96 at 2. I find defendants' arguments about the relevance of the log persuasive. This suit directly concerns other, white inmates' ability to access the law library when plaintiff was denied similar access. Thus, a log showing other

---

[1] Plaintiff has also filed an unauthorized sur-reply, ECF No. 98, which I have reviewed. Nothing therein alters my conclusions with respect to the defendants' motion to compel.

inmates' access during the relevant time period is unquestionably pertinent. Within twenty-one days of this order's entry, plaintiff shall either produce the log at issue or submit a sworn response indicating that the document he produced in his opposition is the only pertinent one in his possession. If such a response is submitted, plaintiff should explain the discrepancy between his statements during the meet and confer and his current position.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motions to disqualify, ECF No. 82, is DENIED.
2. Defendants' motion to compel, ECF No. 93, is GRANTED and, within twenty-one days of this order's entry, plaintiff shall either produce the log at issue or submit a sworn response indicating that he does not possess it.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 83, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 8, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE