UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HURTADO, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00531-DJC-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 99<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this case alleging that defendant E. Marshak denied him access to the law library because of his race and defendant David Hurtado failed to act to remedy this violation despite having knowledge of it. ECF No. 41 at 6-10. Defendants have moved for summary judgment on these claims, ECF No. 99, plaintiff has filed an opposition, ECF No. 108, and defendants have filed a reply, ECF No. 111. I find, for the reasons stated below, that defendants' motion should be granted, and judgment entered in their favor.

A. <u>Legal Standards</u>

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

1   while a fact is material if it "might affect the outcome of the suit under the governing law."
2   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818
3   F.2d 1422, 1436 (9th Cir. 1987).

4       Rule 56 allows a court to grant summary adjudication, also known as partial summary
5   judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
6   *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
7   56 authorizes a summary adjudication that will often fall short of a final determination, even of a
8   single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a
9   motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.
10  Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

11      Each party's position must be supported by (1) citations to particular portions of materials
12  in the record, including but not limited to depositions, documents, declarations, or discovery; or
13  (2) argument showing that the materials cited do not establish the presence or absence of a
14  genuine factual dispute or that the opposing party cannot produce admissible evidence to support
15  its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
16  other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.
17  Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir.
18  2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

19      "The moving party initially bears the burden of proving the absence of a genuine issue of
20  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
21  moving party must either produce evidence negating an essential element of the nonmoving
22  party's claim or defense or show that the nonmoving party does not have enough evidence of an
23  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*
24  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
25  initial burden, the burden then shifts to the non-moving party "to designate specific facts
26  demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d
27  376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
28  the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence."  *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Analysis

Plaintiff alleges that defendant Marshak, a senior law librarian at the California Medical Facility, discriminated against him because of his race by refusing to allow him adequate library access.  ECF No. 41 at 6-7.  He claims that, in August 2020, she refused to allow him library services, including photocopying, despite providing those same services to other, similarly situated white inmates (plaintiff is black).  *Id.*  Plaintiff alleges that defendant Hurtado, a deputy warden at the facility, was made aware of the racial imbalance in law library services but took no action to remedy the situation.  *Id.* at 8.  He claims that, because of defendants' respective action and inaction, he missed two court deadlines.  *Id.* at 19.  In my screening order, I determined that plaintiff had stated viable First Amendment access to court and Equal Protection claims against both defendants.  ECF No. 40 at 3.  I also found that plaintiff had stated a potentially viable retaliation claim against Marshak because he alleged that her refusal to grant him library access was motivated, in part, by his filing of prison grievances.  *Id.*  Defendants argue that they are entitled to summary judgment on all claims.  I agree.

I.      Access to Courts

As to plaintiff's access to court claims, defendants correctly argue that plaintiff did not suffer any actual injury. ECF No. 99 at 13-14. They note that in the case at issue, *Adkins v. Kernan*, 2:19-cv-00458-DMC, plaintiff received multiple extensions of time to file his third amended complaint. *Id.* at ECF Nos. 28, 30, 33, 34, 35, 37, & 38.[1] To sustain an access to court claim, a plaintiff must show that he or she suffered an actual injury, like having a claim or complaint dismissed because of an inability to access library services. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff's opposition has failed to point to any contradictory evidence of actual injury. The fact that restriction of library services required plaintiff to ask for and receive extensions of time does not constitute an actual injury. *See Acker v. Armenta*, 61 F.3d 909 (9th Cir. 1995); reported at 1995 U.S. App. LEXIS 20572, *3 ("Acker identified only a single instance where she missed a filing deadline by one day due to defendant Armenta's failure to photocopy a 500-page document in a timely fashion. Acker also stated, however, that the district court granted an extension to file the document and thus failed to establish an actual injury."). Thus, I find that defendants are entitled to summary judgment on plaintiff's access to courts claims.

II.   Equal Protection Claims

Defendants argue that plaintiff's equal protection clause claims fail because he cannot show that he was similarly situated to other inmates who did have library access during the relevant time. Specifically, they contend that only inmates who submitted proper requests for priority legal user ("PLU") were permitted physical library access at that time. ECF No. 99-2 at 6 ¶ 6. Defendants note that the time period in question, late summer 2020, was one of the high points of the COVID-19 pandemic, when non-PLU inmates could access the law library and its amenities only though a paging service. *Id.* at 6 ¶¶ 6, 29. Plaintiff was granted PLU status from August 8, 2020, to August 21, 2020, based on his need to file an amended complaint in *Kernan*. *Id.* at 7 ¶ 8. Plaintiff, in his response to defendants' statement of undisputed facts, does not appear to dispute this, though he argues that he was wrongfully denied law library access on

---

[1] I find it appropriate to take notice of these court records for the purposes of ruling on defendants' summary judgment motion. *See Rowland v. Paris Las Vegas*, No. 3:13-cv-02630-GPC-DHB, 2014 U.S. Dist. LEXIS 24718, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014) ("Judicial notice of court records is routinely accepted.").

1    September 7, 2020.  ECF No. 108-2 at 32.  Marshak attests that she did not receive any other
2    requests for PLU status or paging services until May 3, 2021.  ECF No. 99-2 at 7 ¶ 9.  In his
3    response to defendants' undisputed facts, plaintiff points to a grievance he filed on September 7,
4    2020, alleging that he asked to access the law library in accordance with Marshak's "law library
5    slip instructions" and was, presumably, denied.  ECF No. 41 at 33.  In his response to that
6    grievance issued October 13, 2020, defendant Hurtado noted that, after the expiration of
7    plaintiff's PLU status on August 21, 2020, no new PLU form or evidence of a new deadline had
8    been submitted.  *Id.* at 32.  The response stated that Marshak had received his request slip, but
9    that only PLU prisoners were able to access the library at that time.  *Id.*  It went on to state that
10   plaintiff would be provided physical access once normal programming resumed and that, in the
11   meantime, he could access services by paging.  *Id.*

12   Defendants correctly argue that, by prison policy, the only class of inmates who were able
13   to access the law library during the relevant period were PLU users.  The records discussed above
14   indicate that, after plaintiff's status expired on August 21, 2020, he no longer belonged to that
15   category.  Thus, plaintiff cannot sustain a "class of one" equal protection claim.  To state such a
16   claim, he would be required to show that he is a member of an identifiable class, that he has been
17   treated differently from others similarly situated, and that there is no rational basis for the
18   difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Here, he
19   cannot establish the second element.  That is, he has failed to show that other inmates were not
20   subject to the modified library access requirements.

21   Defendants are also entitled to summary judgment on plaintiff's claim that plaintiff was
22   discriminated against because of his membership in a protected class.  Plaintiff alleges that white
23   inmates were allowed library access while similarly situated black inmates were not.  "To avoid
24   summary judgment on a claim of racial discrimination, the plaintiff must produce evidence
25   sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that [the
26   challenged action] was racially motivated."  *Jones v. Williams*, 791 F.3d 1023, 1037 (9th Cir.
27   2015).  Here, plaintiff has failed to do so.  Rather, the record indicates that plaintiff's denial of
28   access to the law library was predicated on prison policy and plaintiff's failure to properly request

1 PLU status. Plaintiff has not advanced any evidence that white inmates were given access to the
2 law library without PLU status or that they were otherwise not subject to the modified program
3 requirements in place to curtail transmission of COVID-19. Moreover, in his deposition plaintiff
4 alleged that at least one other black inmate was granted library access during the relevant period,
5 despite not having PLU status. ECF No. 115 at 20-21. If true, this cuts against his claim that
6 Marshak was discriminating against black inmates to -the benefit of white inmates.

7     III.   Retaliation Claim

8 Finally, plaintiff's retaliation claim against Marshak fails because, to sustain such a claim,
9 he must show five elements: "(1) [a]n assertion that a state actor took some adverse action against
10 an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
11 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
12 legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here,
13 he cannot show that denying him access to the library as a non-PLU prisoner did not advance the
14 legitimate correctional goal of curtailing the spread of COVID-19. *See Seaton v. Mayberg*, 610
15 F.3d 530, 535 (9th Cir. 2010) (noting that curtailing the spread of contagious disease is a
16 legitimate penological objective).

17                             Conclusion

18 Based on the foregoing, it is hereby RECOMMENDED that defendants' motion for
19 summary judgment, ECF No. 99, be GRANTED and judgment be entered in their favor.

20 These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
22 service of these findings and recommendations, any party may file written objections with the
23 court and serve a copy on all parties. Any such document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
25 within fourteen days of service of the objections. The parties are advised that failure to file
26 objections within the specified time may waive the right to appeal the District Court's order. *See*
27 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
28 1991).

IT IS SO ORDERED.

Dated:   October 8, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE